[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff wife married the defendant husband on September 14, 1968 in Norwich, Connecticut. She has resided continuously in the State of Connecticut for at least one year prior to the commencement of this action.
Eight children were born to the wife, six of which are issue and minors, to wit:
 Timothy Daniel Bass, born February 2, 1975 Matthew David Bass, born January 1, 1977 Rachael Elizabeth Bass, born August 30, 1979 Judith Rebekah Bass, born August 30, 1979 Nathaniel Joseph Bass, born April 12, 1982 Hannah Joy Bass, born April 15, 1984
The marriage has broken down irretrievably, there is no prospect for any reconciliation, and a decree of dissolution may enter.
The parties have stipulated that custody may vest with the mother with rights of reasonable visitation in the father.
This is a marriage of approximately 24 years. The CT Page 813 wife testified that the problems started about five years after the parties were married. She stated that she had to keep the children quiet or her husband would become angry. This was very disruptive. The husband admitted that his behavior may have been disruptive. About two years ago, the wife decided that the marriage could not be saved in that it had irretrievably broken down. She had attempted counselling with her husband, but after two sessions, he decided not to continue.
In September 1992, the husband moved out of the marital premises.
The husband was unable to articulate the causes of the breakdown except to say that there was constant bickering and arguments.
Both of the parties are in fairly good health. The wife works two jobs and has net weekly earnings of $385. She is a registered nurse. The husband is a machinist with United Technologies and has net weekly earnings of $445. he is a high school graduate.
Much of the testimony revolved around the disposition of the marital home. It is in extremely poor condition and will require extensive work and money to make it a comfortable home. However, it does provide the cheapest housing available since the mortgage, taxes and insurance amount to only $400 per month.
The Court finds the present value of the house is $85,000 and that the mortgage balance is $18,000. The equity, therefore, is about $65,000. About $5,100 in taxes are owed the Town of Canterbury.
The Court, having taken into consideration all of the factors mandated in Connecticut General Statutes46b-81, 46b-82 and 46b-84, further finds and orders as follows:
(1) The marriage has broken down irretrievably, there is no prospect for any reconciliation and a decree of dissolution may enter.
(2) Custody of the minor child shall be with the CT Page 814 mother. The father shall have rights of reasonable visitation.
(3) The husband shall provide, as available through his employment, medical and dental insurance for the benefit of the minor children. All unreimbursed medical and dental expenses shall be divided equally. The provision of Connecticut General Statutes 46b-84 (c) shall apply.
(4) The husband shall pay as support for the minor children the sum of $240 per week, which sum is in accordance with the guidelines.
(5) The husband shall pay as periodic alimony the sum of $40 per week which alimony shall cease upon the happening of the first of the following events:
a. death of either party
b. remarriage by the wife
c. cohabitation by the wife
d. September 1, 2002
Alimony shall be non-modifiable as to term.
(6) Payment of support shall be secured by an immediate wage garnishment.
(7) Title to the marital premises located at 202 Woodchuck Hill Road, Canterbury, is, by judicial decree, awarded to the wife. The wife shall forthwith execute and deliver to the husband a non-interest bearing mortgage deed and note in the amount of $14,000, which shall be paid upon the happening of the first of the following events:
a. sale of the premises
b. remarriage or cohabitation by the wife
c. May 30, 2002
(8) The husband shall keep his stamp collection and the wife shall be entitled to the contents of the marital CT Page 815 home.
(9) The 1991 income tax check shall be split between the parties.
(10) The wife shall be responsible for the payment of all the back taxes on the marital premises.
(11) Except as otherwise provided, each of the parties shall be responsible for his or her liabilities and attorney's fees.
(12) The husband shall be entitled to take Hannah, Judith and Matthew as tax exemptions.
Mihalakos, J.